Tayuor, Chief Justice. —
 

 This case depends upon the construction of the act of 1805,
 
 ch. 679.;
 
 the words erf
 
 *136
 
 which, so far as they relate to this case, are. “ that no ac^ot1 on the case for damage done to personal property, shall abate by the death of either plaintiff or defendant.”
 

 This is an action on the case, brought by a father for the seduction of his daughter, and the question is, has it abated by his death ? Considering the nature of the action, and the extent of injury and suffering which usually follow the crime of seduction, I should be gratified to discover a satisfactory ground for the opinion that the action might be revived. I think the plaintiff’s counsel has presented the case in the strongest point of view it admits of; yet after all it must be admitted, that the action is but in form and sound for an injury done to property, but is in substance for a wrong done to the person of the child, and to obtain satisfaction for the wounded feelings of the parent. The loss of service is in most cases imaginary; for though some evidence must be given of acts of service to satisfy the form, yet in the estimate of damages the jury usually look beyond this to the injury done the child. The
 
 probata
 
 are much more extensive than the
 
 allegata,
 
 and damages may be given as a compensation for the loss which the father has sustained, in being deprived of the society and comfort of his child, and for the dishonor which he receives. Hence evidence is admissible, as to the circumstances of the father’s family, their general good conduct, and the number of his children. Actions of this sort are brought for example sake; and although the plaintiff’s loss may not amount to twenty shillings, the jury da right in giving liberal damages, (3
 
 Wills.
 
 19.)
 

 It is said, in the case of
 
 Bedford
 
 v.
 
 M'Kowl,
 
 that, “ in point of form, the action only purports to give a recom-pence for loss of service; but we cannot shut our eyes to the fact, that this is an action brought by a parent for an injury to his child; in such a case I am of opinion, the jury may take into their consideration all that he can feel from the nature of the loss. They may look upon him
 
 *137
 
 as a parent losing the comfort as well as service of his daughter, in whose virtue he can feel no consolation, and as the parent of other children whose morals may be corrupted by her example.” (3
 
 Esp. R.
 
 119..)
 

 As the child herself has no remedy, and the offence is only indictable under peculiar circumstances, it would pass with impunity, were not these forced circumstances employed to give the Courts cognizance. It is characterized by a sensible writer as one of the quaintest fictions in the world, that satisfaction can only be come at by the father’s bringing the action against the seducer, for the loss of his daughter’s service, during her pregnancy and nurturing.
 
 (Paley, Mor. Phil.
 
 200.)
 

 From these considerations, it appears to me that this action must be considered as a tort done to the person, unaccompanied by any injury to personal property, and it is accordingly so classed by writers on pleading, (2
 
 Ghitty
 
 268.) it is therefore abated by the plaintiff’s death.
 

 Haxx, Judge. —
 

 The sole question here is, whether this action survives to the plaintiffs, or abates by the death of their intestate. There is no doubt but it abated at common law. By the act of 1799,
 
 JV*e-tv Rev. ch.
 
 532. it is declared that no action of detinue, or trover, or action of trespass, where property either real or personal is in contest, and such action of trespass is not merely vindictive, shall abate, ¿See. by the death of cither party, but the same may be revived,
 
 &c.
 
 The present action is one in form brought to recover damages for the loss of the services of the daughter; but it is in substance brought, to recover damages, for the disgrace, and degradation of which the defendant is the author. In this view of it, which' I think we must unavoidably take, it does not involve in it a contest respecting either real or personal property; and I think, too, that the damages are, legally speaking, vindictive, for they cannot be measured by any injury which
 
 property
 
 may have sustained, but are dependent
 
 *138
 
 altogether, under the circumstances of the case, upon a sound discretion, intended to make reparation to the in- ,• jured party as far as human tribunals
 
 can
 
 do it, lor com-reparatran in such cases is beyond their reach.
 

 The next and only other act on the subject was passed in the year 1805,
 
 Werw Rev. ch.
 
 679. It declares that no - action of trespass
 
 vi et armis,
 
 or trespass on the case, &c. brought to recover damages done to property either real' or personal, shall abate by the death of either plaintiff or defendant, &c. but the same may be revived. If we consider this action in substance as brought to recover vindictive damages, as mentioned in the act of 1799, it is not made to survive by this latter act, for
 
 it
 
 is not brought for an injury done 8» either real or personal property. I, therefore, think it will not survive, but abates by the death of the plaintiff. The judgment of the Superior Court must be affirmed.
 

 Judge Henderson assented,
 

 Judgment affirmed.
 

 There is one part of the foregoing case on which no question was made, but which does not seem entirely free from doubt. The action brought was
 
 case,
 
 notwithstanding some of the most respectaMe authorities hold
 
 trespass
 
 to be the proper form of action. In. the case of
 
 Woodard
 
 v.
 
 Walton,
 
 (2
 
 New Rep.
 
 476.) the action was'
 
 trespass,
 
 and upon full argument, and after an
 
 advisari
 
 it was held to be proper. Sir
 
 James Mansfield
 
 remarks, in delivering the opinion of the Court, “in actions like the present, as far as my recollection goes, the form of the declaration has always been in
 
 trespass vi et armis
 
 and
 
 cmitra pa-seem.
 
 I’ cannot distinguish between this action, and an action for criminal conversation. If that be the subject of trespass, this must be so too.” It is true, that Mr. Justice
 
 Buller,
 
 in
 
 Rennet
 
 v.
 
 Allcot,
 
 (2
 
 Term Rep.
 
 166.) said, that “an action merely for debauching a man’s daughter, by which he loses her service, is an action on the
 
 case.”
 
 This case is commented- on by Sir
 
 J. Mansfield,
 
 in
 
 Woodard
 
 v.
 
 Walton,
 
 and it is there said, that the opinion thrown out by Justice
 
 Butter
 
 Was founded on a mistake respecting two' other cases, one in
 
 Burro-to
 
 and the other in Lord
 
 Raymond.
 
 The case in
 
 Burrow
 
 was
 
 Postlethwait v. Parks,
 
 (3
 
 Burr.
 
 1878.) and was
 
 trespass,-
 
 and the case of
 
 Russel
 
 v.
 
 Corne,
 
 (2
 
 Ld. Raym.
 
 1031.) is certainly rather in favor of
 
 trespass
 
 than against it-The case of
 
 Tullidge v. Wade, (3
 
 Wills. 18.) was
 
 trespass,
 
 He ever,
 
 *139
 
 in the case of
 
 Macfadzen
 
 v.
 
 Olivant,
 
 (6
 
 East
 
 387) Lord
 
 Ettenborough
 
 seemed to consider
 
 case
 
 as the proper remedy for seducing plaintiff's Wife, on the authority of
 
 Cook
 
 v.
 
 Sayer,
 
 (2
 
 Burr.
 
 753.) but the case of
 
 Cook
 
 v.
 
 Sayer
 
 is stated by
 
 Burrow
 
 to have been trespass„• and in
 
 Batch-
 
 case before the Court of King’s Bench for seducing a daughter,
 
 Speight
 
 v.
 
 Oliviera,
 
 (2
 
 Starkie
 
 493 ) decided in 1819, it was objected that the action should be trespass and not case, to which
 
 Abbot,
 
 C. J. replied, that he would not nonsuit upon that objection.
 

 Amid these contradictory decisions, adverting to principle, it would seem that
 
 case,
 
 and not
 
 trespass,
 
 is the proper remedy. The injury which the
 
 law
 
 contemplates as entitled to redress, is
 
 consequential,
 
 for it is believed no case can be found of an action, brought for debauching plaintiff’s daughter without laying a
 
 per quod,
 
 and some proof of service is always required, though the Courts will gladly tafee notice of the slightest. Simply to debauch plaintiff’s daughter, without her becoming thereby pregnant, is to the feelings of the parent, a wound little, if any, less severe, than that inflicted by Iter becoming the mother of an illegitimate child; but as this action in its foTtns has been well characterised as a quaint fiction to recover compensation for wounded sensibility, the fiction must be so preserved throughout, that the law may preserve its principles unimpaired; and as the consequential injury in the loss of service has been resorted to, to furnish any ground for an action, that consequential injury, like every other, cat) only be redressed by an action on the
 
 case.
 

 It is true that Sir
 
 J. Mansfield
 
 has said, “ I cannot distinguish between this action, and an action for criminal conversation;” but (with deference be it spoken) it would seem, that however slight the difference may be as to the feelings of those who are' injured, in the view of the jurist, the injuries belong to distinct classes. Lord
 
 Ettenborough,
 
 in the case of
 
 Macfadzen
 
 v.
 
 Olivant,
 
 (6
 
 East
 
 388.) thus speaks of actions for crim. com.: “ the cause -of action
 
 in these cases,
 
 arises from-the time of the injury done by the defendant, by
 
 the corruption of the body and mind of the wife;
 
 for from that time she is less qualified to perform the duties of the marriage slate.” The injury which the law redresses would seem then, in these cases, to be
 
 immediate
 
 on the commission of the guilty act; and of course
 
 trespass
 
 is proper. A single act of adultery, though never manifested in its consequences, is an invasion of the husband’s rights, and the law redresses it; but in actions for the seduction of a daughter, the * quaint fiction’ of a
 
 loss of service
 
 seems,
 
 ab initio,
 
 to have been resorted to as the consequential injury which the law will compensate, without any reference to w the corruption of body and mind,” which is the immediate injury complained of in an action for crim. con.
 

 It is very correctly remarked by the plaintiff's counsel,in the asqpiv
 
 *140
 
 ment of the foregoing case, that there is no difference in principle be* tween this action, and any other for the los9 of service; they roust all stand on the same ground. Suppose the case of an apprentice seduced from tho service of his master by persuasion; can a case be found in which, under such circumstances,
 
 trespass
 
 will lie! No force, diTect or immediate, is employed; the mere act of conversing with the appren? tice is not of
 
 itself
 
 the foundation of an action, for should the servant not be prevailed on to leave his master, no injury results and no action lies; but if, being a free agent, he departs, it is his
 
 voluntary
 
 act, and his master cannot truly allege that his servant, by any force, (in legal signification,) has been taken away. His departure, and the master’s loss of service, is the
 
 consequence
 
 of an act which in itself would not have supported an action, and the master’s remedy is
 
 case.
 
 So in the case of the loss of service by seducing the daughter,
 
 her-consent
 
 must have been given, and it was her
 
 voluntary
 
 act, and her father, in the forms of his suit, loses the character of a
 
 parent
 
 and appears only as a
 
 master,
 
 complaining of an injury resulting as a consequence from this act of her’s, which must have been voluntarily done, though at the solicitation of another.
 

 If to this it be objected, that in a ease of crim. con. the wife, who is a servant,
 
 consents,
 
 and yet her husband may have
 
 trespass;
 
 it may be answered, that the case is one
 
 sui generis;
 
 the husband has, so to speak, a property in the body, a.right to the personal enjoyment of bis wife; for an invasion of this right, the law permits him to sue as
 
 husband;
 
 he makes no complaint as
 
 master.
 
 Ear different is the case of seduction of a daughter; her father has no such rights over her person, as he has over the person of his wife; he makes no complaint but in the character of
 
 master,
 
 and the injury sustained by debauching his wife, is such as never could be effected by the seduction of his daughter.